UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIJAH STANFORD, | ) |
|          Plaintiff, | ) No. CV-10-35-JPH |
| | ) |
| v. | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
|          Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on February 4, 2011 (Ct. Rec. 14, 17). Attorney David L. Lybbert represents plaintiff; Special Assistant United States Attorney Jordan D. Goddard represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 8). On December 3, 2010, plaintiff filed a reply (Ct. Rec. 19). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (**Ct. Rec. 17**) and **DENIES** plaintiff's motion for summary judgment (Ct. Rec. 14).

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) and for supplemental security income (SSI) on October 26, 2006, alleging disability beginning April 16, 2001

(Tr. 56-59, 321-324). The applications were denied initially and on reconsideration (Tr. 326-329, 332-333).

At a hearing before Administrative Law Judge (ALJ) Robert Chester on July 23, 2009, plaintiff, represented by counsel, an orthopedic surgeon, and a vocational expert (VE) testified (Tr. 351-405). On August 14, 2009, the ALJ issued an unfavorable decision (Tr. 17-26). The Appeals Council denied Mr. Stanford's request for review on January 22, 2010 (Tr. 6-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on February 16, 2010 (Ct. Rec. 1,4).

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here.

Plaintiff was 39 years old at onset in 2001 and 47 on the date of the ALJ's decision (Tr. 103). He earned a GED (Tr. 378). Mr. Stanford has worked as a lawn care laborer, commercial fisherman, tire salesman, and auto mechanic (Tr. 74, 81). His longest job (after military service) was a year and a half as a tire salesperson in the automotive department at K-Mart (Tr. 237, 382-383). He was incarcerated from 1998 to March 2004 for child molestation (Tr. 237).

Plaintiff alleges disability due to herniated discs in his neck (Tr. 72). In July 2006 plaintiff indicated he was in school (Tr. 274). In December 2006 his reported activities include spending time on the computer, reading, driving, cooking daily,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 2 -

shopping two to four times a week, doing laundry, and cleaning. He
was able to walk a mile (Tr. 91-96). At the hearing in July 2009
plaintiff testified he can sit less than an hour, carry 20-40
pounds a short distance, has problems with repetitive arm
movements, holding a pen, and drops things like dishes if he does
not complete the task quickly. He has earned good grades in online
college courses (Tr. 386, 392-394, 398). Plaintiff takes pain
medication three times a month (Tr. 355-356). Symptoms leave him
unable to function for a week to ten days, and this occurs two to
three times a month (Tr. 390-391).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the
"inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment which
can be expected to result in death or which has lasted or can be
expected to last for a continuous period of not less than twelve
months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also
provides that a Plaintiff shall be determined to be under a
disability only if any impairments are of such severity that a
plaintiff is not only unable to do previous work but cannot,
considering plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 3 -

20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

1    The initial burden of proof rests upon plaintiff to establish
2 a *prima facie* case of entitlement to disability benefits.
3 *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*
4 *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is
5 met once plaintiff establishes that a physical or mental
6 impairment prevents the performance of previous work. *Hoffman v.*
7 *Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then
8 shifts, at step five, to the Commissioner to show that (1)
9 plaintiff can perform other substantial gainful activity and (2) a
10 "significant number of jobs exist in the national economy" which
11 plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
12 Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

13                          **STANDARD OF REVIEW**
14    Congress has provided a limited scope of judicial review of a
15 Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
16 the Commissioner's decision, made through an ALJ, when the
17 determination is not based on legal error and is supported by
18 substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
19 Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The
20 [Commissioner's] determination that a plaintiff is not disabled
21 will be upheld if the findings of fact are supported by
22 substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
23 Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is
24 more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
25 1119 n. 10 (9th Cir. 1975), but less than a preponderance.
26 *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
27 *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
28 573, 576 (9th Cir. 1988). Substantial evidence "means such

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 5 -

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff was insured through December 31, 2003 for DIB purposes (Tr. 17, 19). At step one he found plaintiff has not engaged in substantial gainful activity since onset (Tr. 19). At steps two and three, the ALJ found plaintiff suffers from the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                        - 6 -

medically determinable impairments of degenerative disc disease of the cervical spine (DDD), ulnar neuropathy of the left upper extremity, and obesity, impairments that are severe but do not alone or in combination meet or equal a Listed impairment (Tr. 19-20). The ALJ found plaintiff less than fully credible (Tr. 22-24). At step four, ALJ Chester found plaintiff is able to perform his past relevant work as an automobile accessories salesperson (Tr. 25). Accordingly, at step four the ALJ found Mr. Stanford is not disabled as defined by the Social Security Act (Tr. 25-26).

**ISSUES**

Plaintiff contends the Commissioner erred when he assessed the medical evidence and Mr. Stanford's credibility, and when he relied on the VE's testimony (Ct. Rec. 15 at 8-19).

Asserting the ALJ's decision is supported by substantial evidence and free of legal error, the Commissioner asks the Court to affirm (Ct. Rec. 18 at 19).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir.

1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff alleges the ALJ failed to properly credit the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 8 -

opinions of Drs. David Woolever, M.D., and Galen McQuarrie, M.D., and of treatment provider Serena Williams, ARNP (Ct. Rec. 15 at 16-18). The Commissioner answers the ALJ properly rejected Dr. Woolever's opinion plaintiff is limited to sedentary work because it is inconsistent with his own examination results, Dr. McQuarrie's opinion because he did not examine plaintiff, and Ms. Williams's opinion because she is not an acceptable source and her assessment appears based primarily on plaintiff's discounted subjective complaints (Ct. Rec. 18 at 11-14).

The Commissioner asserts the ALJ relied on the opinion of the testifying expert, Arthur Lorber, M.D., and other evidence, when he assessed Mr. Sanford's RFC (Ct. Rec. 18 at 15-18).

**B. Medical history**

In 2001 plaintiff attended seven physical therapy appointments at Airway Heights Physical Therapy. His last visit was June 4, 2001 (Tr. 131).

On July 26, 2001, [about three months after onset in April 2001], Jeffrey Hirschauer, M.D., examined plaintiff (Tr. 128-130). He reviewed an April 16, 2001 MRI and diagnosed right C5-6 and C6-7 disc herniation (Tr. 130; 206-207). Dr. Hirschauer opined it would be reasonable for plaintiff "to undergo anterior cervical fusion," but Mr. Sanford wanted a second opinion (Tr. 130).

After plaintiff's physical therapy appointment on June 4, 2001, he failed to return. Mr. Stanford was discharged October 21, 2002[1] (Tr. 131).

---

[1]
Similarly the record shows plaintiff attended physical therapy in early 2000 and was discharged after four visits for failing

On May 29, 2005, VA physician Dr. McQuarrie stated he is unable to determine plaintiff's exertional limitations because he has treated Mr. Stanford for reflux disease, not cervical disc problems (Tr. 222-224). Nonetheless, Dr. McQuarrie signed a one year renewal of a work restriction (previously authored by the Department of Corrections) that limited plaintiff to lifting no more than ten pounds and to "no repetitive motions with his upper extremities" (Tr. 250).

Dr. Woolever first saw plaintiff on January 19, 2006. He opined Mr. Sanford could perform sedentary work and would benefit from a neurosurgical consultation (Tr. 219). Dr. Woolever stated he would not continue to follow Mr. Sanford (Tr. 229-230).

Plaintiff initially saw Ms. Williams for treatment on July 28 and August 3 of 2006 (Tr. 268-269, 274-275). At the second appointment on August 3rd, she opined plaintiff is limited to sedentary work. Twice in this evaluation she noted plaintiff needs nerve conduction studies, a neurosurgical consultation, and a repeat MRI (Tr. 272-273). Mr. Stanford returned a year later, in June 2007, with complaints of right foot pain (Tr. 284, 286-287; Ex. 11F/1,6,8, 16F/5). Mr. Sanford did not seek treatment with Ms. Williams for cervical problems until September 2008 (Tr. 303).

In March 2009, neurologist Dr. Joseph Tornabene, M.D., notes plaintiff's EMG study showed "very mild early denervation abnormalities" (Tr. 310). He suggested conservative treatment due to the lack of significant denervation, and because clinical signs showed improvement after traction and physical therapy (Tr. 307-

---

to return (Tr. 133). In 1999 he was discharged after three visits (Tr. 138).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 10 -

308, 313, Exhibit 19F/2,4).

**C. Credibility**

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 22). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found plaintiff less than fully credible because treatment has been conservative, daily activities are inconsistent with the level of limitation claimed, and complaints are not supported by clinical findings (Tr. 22-25).

*Conservative treatment*. The ALJ notes Dr. Hirschauer opined in July 2001 [four months after onset] that anterior cervical fusion was reasonable, but plaintiff declined and wanted a second opinion (Tr. 22, referring to 130). As the ALJ observes, it does not appear plaintiff sought a second opinion. Surgery was recommended again in August 2002 but, as the ALJ points out, Mr. Sanford chose to continue conservative therapy (Tr. 22; Ex. 6F/25). Plaintiff has stated he "is reluctant to have surgery as long as he is able to keep his symptoms under control" (Tr. 24, 301). The ALJ notes Mr. Sanford "has not yet obtained surgery for his conditions, which suggests that he has been able to keep his symptoms under control with conservative treatment" (Tr. 24). Evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-751 (9th Cir. 2007), citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

*Daily activities*. Plaintiff's activities are not as limited as one would expect given his claimed limitations. The ALJ observes plaintiff spends significant time daily on the computer, drives, shops, cooks daily, does laundry, and cleans (Tr. 24, 91-96). An ALJ may properly reject a claimant's symptom testimony if the claimant is able to spend a substantial part of the day performing household chores or other activities that are transferable to a work setting. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996), citing *Fair v. Bowen,* 885 F.2d at 603.

*Lack of objective medical findings*. The ALJ observes the medical evidence does not support the disabling level of limitation alleged (Tr. 22-23). As noted, Dr. Tornabene opined

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 12 -

plaintiff's March 2009 EMG[2] showed only very mild early
denervation abnormalities but was otherwise normal, and
recommended conservative treatment, as the ALJ points out (Tr. 24,
310). A nerve conduction study in February 2009 revealed left
ulnar compression neuropathy and *no evidence* of peripheral
neuropathy affecting the bilateral upper extremities, as the ALJ
notes (Tr. 24, 307, 316). A lack of supporting objective medical
evidence is a factor which may be considered in evaluating an
individual's credibility, provided that it is not the sole factor.
*Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).

The ALJ correctly relied on several factors, including
conservative and infrequent treatment for allegedly disabling
pain, activities inconsistent with alleged degree of impairment,
and the lack of clinical support for alleged disabling limitations
when he found Mr. Sanford less than completely credible (Tr. 22-
24).

The ALJ's reasons for finding plaintiff less than fully
credible are clear, convincing, and fully supported by the record.
*See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)
(proper factors include inconsistencies in plaintiff's statements,
inconsistencies between statements and conduct, and extent of
daily activities). Noncompliance with medical care or unexplained
or inadequately explained reasons for failing to seek medical
treatment also cast doubt on a claimant's subjective complaints.
20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603

---

[2]The ALJ also reviewed "MRIs from 2001 through 2009,"
contrary to plaintiff's assertion (Tr. 20). The September 2008
MRI did not differ significantly from the previous study
(Tr. 304).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 13 -

(9th Cir. 1989).

**D. ALJ's assessment of medical opinions**

The ALJ rejected Dr. McQuarrie's May 2005 opinion that plaintiff was limited to lifting ten pounds or less and needed to avoid repetitive arm motions, because the doctor apparently gave this opinion without examining plaintiff (Tr. 23, referring to Tr. 222-224). At the same time, Dr. McQuarrie indicated he has only treated plaintiff in the past for GERD, not alleged cervical disc problems. He has "no CTs or MRIs" to review, and is unable to determine plaintiff's exertion level or limitations (Tr. 222-223). Dr. McQuarrie's opinion is not based on examination and is equivocal at best. When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings. *Tonapetyan v. Halter*, 242 F.3d at 1144, 1149 (9th Cir. 2001), citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

The ALJ rejected Dr. Woolever's January 2006 opinion (Tr. 218-219, 228-230) because it is internally inconsistent (Tr. 23). Dr. Woolever's objective findings include normal neck ROM, no crepitus with movement, and no abnormality in gait or station. Dr. Woolever assessed no myelopathy or radiculitis. The only limitation noted is a decreased ability to place his right hand on his left shoulder. Yet, as the ALJ observes, Dr. Woolever assessed cervical disc disease and shoulder pain as moderately severe, and opined plaintiff is limited to sedentary work (Tr. 23, referring to Ex. 7F/3, 9F/2-3; Tr. 218-219, 229). An opinion that is internally inconsistent is ambiguous. The ALJ is responsible for resolving ambiguity. *See Morgan v. Comm'r of Social Sec. Admin.*,

169 F.3d 595, 603 (9th Cir. 1999). The ALJ was not required to credit Dr. Woolever's internally inconsistent opinion.

The ALJ rejected Ms. Williams's opinions because she is not an "accepted" source as defined by the Act, and because her RFC for sedentary work appears based on plaintiff's unreliable self-report (Tr. 23). Both are specific, legitimate reasons to reject her opinion. *See Andrews v. Shahala*, 53 F.3d 1035, 1043 (9th Cir. 1995)(ALJ can legitimately accord less weight to a medical opinion "premised to a large extent upon the claimant's own accounts of his symptoms and limitations" once those complaints have themselves been properly discounted).

Dr. Lorber testified tests show evidence of DDD in the cervical spine, but the record does not contain significant objective clinical evidence of focal neurologic deficit (Tr. 358, 360-361, 374). He opined plaintiff's impairments do not meet or medically equal a Listed impairment[3] (Tr. 358-359). Studies show left-sided ulnar neuropathy at the elbow. Plaintiff is right handed. There is no evidence of persistent motor disorganization involving the left hand. Plaintiff uses it on the computer 6-8 hours a day for school[4] (Tr. 358). Ulnar neuropathy is repaired

---

[3]Contrary to plaintiff's argument, he fails to meet his burden of setting forth evidence that would support the diagnosis and finding of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989).

[4]Evidence of plaintiff's time on the computer is inconsistent. He spends 6-8 hours a day on the computer (Tr. 356). He has taken classes online for two and a half years, takes 15 credits at a time, earns good grades, and is working toward a degree in web design and graphic manipulation (Tr. 356-357). At the hearing plaintiff stated he was currently retaking history, economics,

with minor surgery. Plaintiff's doctors have not yet sent him for
a surgical consultation, leading Dr. Lorber to conclude the
condition is not yet severe (Tr. 374).

The ALJ credited the ME's opinion. Although the contrary
opinion of a non-examining medical expert does not alone
constitute a specific, legitimate reason for rejecting a treating
or examining physician's opinion, it may constitute substantial
evidence when it is consistent with other independent evidence in
the record. *Tonepetyan*, 242 F.3d at 1149 (internal citation
omitted). While another ALJ may have reached a different
conclusion, this ALJ's conclusion is supported by substantial
evidence. Where evidence is susceptible to more than one
interpretation, the ALJ's conclusion must be upheld. *Burch v.
Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ properly weighed the medical evidence and Mr.
Stanford's credibility.

**B. Listings**

Plaintiff asserts the ALJ erred at step three when he found
none of Mr. Sanford's impairments met or medically equaled a
Listed impairment (Ct. Rec. 15 at 9-11). According to the
Commissioner, plaintiff incorrectly asserts he only needs to show
he met one of the requirements of Listing § 1.04 (Ct. Rec. 18 at
15-17). The Commissioner is correct.

The ALJ is responsible for reviewing the evidence and
resolving conflicts or ambiguities in testimony. *Magallanes v.*

_____

and physical well being (Tr. 378-379). He is on the computer six
hours in a week (Tr. 394). Plaintiff reported his daily
activities consisted of running errands, taking a nap, and being
on the computer (Tr. 91).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 16 -

*Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's step three and RFC determinations are fully supported by the record and free of legal error.

**C. VE's testimony**

In finding that Mr. Stanford's impairments do not prevent him from performing his past relevant work, the ALJ relied on the VE's testimony that Stanford could perform his past relevant work as an automotive sales person, as it is generally performed (Tr. 25, 401-402). This is correct.

Social Security Ruling (SSR) 82-61 sets out three tests to determine whether a claimant retains the capacity to perform his or her past relevant work. The job requirements are examined (1) based on a broad generic classification of the job, (2) as the claimant actually performed it, or (3) as the job is ordinarily required [to be performed] by employers throughout the national economy. The ALJ's finding that plaintiff is able to perform the work as it is generally performed (Tr. 25) is supported by substantial evidence. *See e.g., Listasio v. Shalala*, 47 F.3d 348, 350 (9th Cir. 1995)("vocational experts can testify whether particular applicants for disability benefits would be able to perform subcategories of jobs within the DOT").

The Court finds the ALJ's assessment of the evidence is

1   supported by the record and free of legal error.

2                              **CONCLUSION**

3        Having reviewed the record and the ALJ's conclusions, this

4   court finds that the ALJ's decision is free of legal error and

5   supported by substantial evidence..

6        **IT IS ORDERED:**

7        1. Defendant's Motion for Summary Judgment **(Ct. Rec. 17)** is

8   **GRANTED.**

9        2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

10  **DENIED.**

11       The District Court Executive is directed to file this Order,

12  provide copies to counsel, enter judgment in favor of defendant,

13  and **CLOSE** this file.

14       DATED this 2nd day of February, 2011.

15
                              s/ James P. Hutton
16                            JAMES P. HUTTON
                        UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 18 -